UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 2:00-cr-14034-KMM

UNITED STATES OF AMERICA,

    Plaintiff,

v.

BIAGIO ANTHONY MENTO,

    Defendant.

_____/

**ORDER DENYING DEFENDANT'S**
**MOTION FOR DOWNWARD DEPARTURE OF SENTENCE**

This cause is before the Court on the Defendant Biagio Anthony Mento's *pro se* motion for downward departure of sentence [D.E. 75]. For the reasons explained below, the motion is dismissed.

**I.     BACKGROUND**

On June 22, 2000, a grand jury indicted Mento on twenty-five counts of bank fraud in violation of 18 U.S.C. § 1344 (Counts 1–25), and one count of money laundering in violation of 18 U.S.C. § 1957 (Count 26). [D.E. 7]. Mento entered his plea of guilty to Counts 1, 4, 6, 8, 16, 17, 23, 24, and 27 before the Honorable James C. Paine, United States District Court Judge. [D.E. 31–32].

Prior to sentencing, the U.S. Probation Office prepared a presentence investigation report (PSI). The amount of loss attributed to Mento was $1,147,352.60, which resulted in a base offense level of 17. [PSI ¶¶ 28–29]. Two additional levels were added for more than minimal planning, increasing his base offence level to 19. [PSI ¶ 30]. Restitution was

initially calculated at $443,299.90, owed to two insurance companies and two homeowners' associations. [PSI ¶ 84]. Mento received credit for timely acceptance of responsibility, reducing his base offense level to 16. [PSI ¶¶ 35–36]. Mento had a total of 10 criminal history points as a result of three separate federal convictions for bank embezzlement, bank fraud, and wire fraud/mail fraud and false statements. [PSI ¶¶ 39–40]. In addition, Mento had two state convictions for uttering a forgery and grand theft, which added 3 additional criminal history points. [PSI ¶¶ 42–43]. Mento's total offense level of 16, combined with a criminal history category of level V, produced a guideline range of 41 to 51 months' imprisonment. [PSI ¶¶ 44, 77].

The PSI advised that the Court could consider an upward departure if it found that Mento's criminal history category did not adequately reflect the seriousness of Mento's past criminal history or the likelihood that Mento would commit other crimes:

> This defendant has three prior federal felony convictions for bank embezzlement, bank fraud and wire fraud. Additionally, he has two recent convictions of uttering forged checks and grand theft. It is apparent from the defendant's three previous federal convictions that sentences of up to 40 months in the custody of the Bureau of Prisons has not deterred the defendant from continued criminal activity.

[PSI ¶ 86]. During the plea negotiations, the Government agreed not to seek an upward departure. [PSI ¶ 87]. No objections or motions for downward departures were filed.

On October 10, 2001, the Court sentenced Mento to 51 months' imprisonment on Counts 1, 4, 6, 8, 16, 17, 23, 24, and 27, to run concurrently with one another but consecutively to the two state sentences, followed by 5 years of supervised release. [D.E. 38].

Mento was originally ordered to pay restitution in the amount of $443,299.90. The Court dismissed Counts 2–3, 5, 7, 9–15, 18–22, and 25–26 after imposing the sentence. The

Court then amended the judgment, increasing the restitution amount to $463,174.90. [D.E. 39]. Mento did not appeal this sentence or seek any post-conviction relief.

While serving his 5-year term of supervised release, the U.S. Probation Office filed a petition alleging that Mento had violated the conditions of his supervised release. The petition alleged that Mento had (1) committed grand theft, dealt in stolen property, and provided a false statement verifying ownership to a secondhand dealer; and (2) failed to notify his probation officer within 72 hours that he had been questioned by the Jupiter Police Department. Though not a violation, Mento was also 9 months in arrears on his restitution payments when the petition was executed. [D.E. 55 at 4]. Based on the petition, the Court issued a warrant for Mento's arrest.

On January 20, 2015, Mento appeared for his initial appearance, and the Federal Public Defender's Office was appointed to represent Mento. [D.E. 45]. Assistant Federal Public Defender Fletcher Peacock filed a notice of assignment the next day. [D.E. 48].

An evidentiary hearing was held before Magistrate Judge Frank J. Lynch, Jr., to determine whether Mento had, in fact, violated his supervised release. Magistrate Judge Lynch issued a Report and Recommendation recommending that the district court find that Mento had violated his supervised release, [D.E. 61], which this Court adopted, [D.E. 68]. As a result of Mento's violation, the Court sentenced Mento to a term of imprisonment of 24 months, followed by 3 years of supervised release. [D.E. 70].

On June 22, 2015, Mento filed a timely notice of appeal. [D.E. 71]. AFPD Peacock filed his appearance as counsel with the Eleventh Circuit in case no.15-12785. That case is still pending before the appeals court.

**II.     DISCUSSION**

In his *pro se* motion for downward departure of sentence, Mento claims that the Court erred by not "reviewing defendant's declaration of extraordinary acceptance of responsibility" during Mento's sentencing for his supervised release violations. According to Mento, the extraordinary acceptance warranting a downward departure apparently occurred during the criminal prosecution, when he admitted to criminal conduct during a deposition that resulted in total reimbursement of $463,174.90 to the victims.

This Court, however, lacks jurisdiction over Mento's claim. A defendant's notice of appeal must be filed in the district court within 14 days after the entry of the judgment. Fed. R. App. P. 4(b)(1)(A)(i). Upon the filing of a notice of appeal, the district court is divested of jurisdiction. *See* Fed. R. App. P. 4(b)(5); *see also United States v. Diveroli*, 729 F.3d 1339, 1341 (11th Cir. 2013) ("The filing of a notice of appeal is an event of jurisdictional significance—it confers jurisdiction on the court of appeals and divests the district court of its control over the aspects of the case involved in the appeal.") (citations omitted). The only exception to this procedural bar is if a defendant files a motion under Federal Rule of Criminal Procedure 35(a) to correct a sentence that resulted from "arithmetical, technical, or other clear error." Fed. R. Crim. P. 35(a). In this case, Mento filed a timely notice of appeal. Because Mento's *pro se* motion challenges the restitution ordered during his original criminal sentence, his application is not within the scope of Rule 35(a). Accordingly, Mento's notice of appeal divested the Court of jurisdiction to entertain this matter.[1]

---

[1] In any event, even if the Court had jurisdiction, it would strike Mento's motion under Local Rule 11.1. That rule provides that once a "party has appeared by attorney, the party cannot thereafter appear or act on the party's own behalf in the action or proceeding, or take any steps therein, unless an order of substitution shall first have been made by the Court, after notice to the attorney of such party, and to the opposite party; provided, that the Court may in its discretion hear a party in open court, notwithstanding the fact that the party has appeared or is represented

**III.     CONCLUSION**

For the foregoing reasons, it is ordered and adjudged that Defendant Biagio Anthony Mento's *pro se* motion for downward departure of sentence [D.E. 75] is dismissed.

Done and ordered in Chambers at Miami, Florida, this  21st  day of March, 2016.

                                                                                K. MICHAEL MOORE
                                                                                CHIEF UNITED STATES DISTRICT JUDGE

c:      Counsel of record

---

by an attorney." S.D. Fla. L.R. 11.1(d)(4). The record shows that Mento is currently represented by counsel on direct appeal, and that none of the exceptions under Local Rule 11.1(d)(4) apply.